**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **STATE OF OHIO,** | CASE NO. 3:25 CR 509 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **DAVID R. JENSEN,** | |
| Defendant. | **ORDER OF REMAND** |

David R. Jensen purports to remove a criminal case from the Lucas County Court of Common Pleas under 28 U.S.C. § 1455. *See* Doc. 1. Therein, he challenges various aspects of the prosecution against him for aggravated murder, murder, felonious assault, and abuse of a corpse in Case Number CR 2024-01264-000. *See id.* at 1; Doc. 1-3 (indictment). Upon the Court's prompt examination of Jensen's notice of removal, the Court determines it lacks subject matter jurisdiction over this case. Removal of this case should therefore not be permitted, and it is summarily remanded to state court. *See* 28 U.S.C. § 1455(b)(4)

Removal of state-court criminal prosecutions is permissible in only "rare circumstances[.]" *Thurmond v. Southfield Police Dep't*, 2017 WL 5892229, at *1 (E.D. Mich.) (first citing 28 U.S.C. § 1443; and then citing 28 U.S.C. § 1455). Removals of state criminal prosecutions are governed "procedurally by 28 U.S.C. § 1455 and substantively by 28 U.S.C. § 1443." *Lay v. Michigan*, 2022 WL 2168860, at *1 (E.D. Mich.). Upon review, this Court must summarily remand the case "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted[.]" 28 U.S.C. § 1455(b)(4).

First, Defendant's removal is untimely. Section 1455 provides the procedure for removal of criminal matters to federal courts. *See* 28 U.S.C. § 1455. In relevant part, § 1455 requires a notice of removal be filed "not later than 30 days after the arraignment in the State court," but the district court may, for good cause shown, extend that deadline. 28 U.S.C. § 1455(b)(1). Although Jensen asserts removal is timely because he "has not yet been brought to trial[,]" he also states he was arraigned on February 28, 2024. (Doc. 1, at 2). Thirty days after February 28, 2024, is March 29, 2024. Jensen did not file this action until October 15, 2025, 565 days later. Jensen has not demonstrated, nor does he argue in his notice, there is good cause to extend his removal deadline. *Cf., e.g.*, *McDonald v. Tennessee*, 79 F. App'x 793, 794 (6th Cir. 2003) (affirming district court's dismissal of removal of traffic citations on timeliness of removal grounds).

Second, Jensen has not demonstrated removal is substantively proper. Section 1443, as interpreted by the Supreme Court, can only confer federal jurisdiction in two narrow circumstances. First, removal under § 1443(1) is only available when a defendant is denied or cannot enforce a right under "any law providing for specific civil rights stated *in terms of racial equality*." *See Georgia . v. Rachel*, 384 U.S. 780, 792 (1966) (emphasis added); *see also Michigan v. Mixon*, 2021 WL 1439706, at *1 (E.D. Mich.) ("[T]he case is removable [under § 1443(1)] if it is pending against a person who is denied or cannot enforce in the state courts a right under federal law providing for equal civil rights of citizens. Such laws are limited to those guaranteeing racial equality.") (internal citations omitted) (citing *Rachel*, 384 U.S. at 786-94). Second, removal under § 1443(2) is only available to "federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights[.]" *City of Greenwood v. Peacock*, 384 U.S. 808, 824, (1966). The Sixth Circuit has described § 1443 as "a very special statute to deal with specific and discrete problems involving removal of cases,

2

civil or criminal, in which the defendant cannot enforce his claim of civil rights in the state court[.]" *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). The statute is "specifically designed to extricate protected persons from state civil and criminal prosecution and provide instead a federal forum." *Id.* Further, "[a]s with any removal statute, the defendant [in the state criminal or civil prosecution] has the burden of establishing that removal is proper." *Id.*

Defendant fails to trigger this Court's jurisdiction under either clause of § 1443. First, rather than invoking any federal right to racial equality, Jensen asserts claims based on, *inter alia*, dereliction of duty by the Toledo police officers in violation of Ohio statutes, the validity of the indictment, malicious prosecution, *Brady v. Maryland* violations, falsified evidence and testimony, due process violations, and judicial and prosecutorial misconduct. *See* Doc. 1, at 2. He does not allege the denial of any federal right to racial equality. Nor does he allege he has been precluded from enforcing such right. These allegations are thus insufficient to confer jurisdiction under § 1443(1). *See Mixon*, 2021 WL 1439706, at *1 (allegations "challenging the constitutionality of [] arrest and the partiality of the presiding judicial officers unrelated to [] race" are "insufficient to confer jurisdiction under § 1443[(1)]") (citations omitted). Second, Jensen "does not allege that he is a federal or state officer falling within the protection of" § 1443(2). *Id.* at *2.

This Court thus lacks subject matter jurisdiction under 28 U.S.C. § 1443 and this case must be remanded.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that this matter be, and the same hereby is, REMANDED to the Lucas County Court of Common Pleas.

3

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: October 21, 2025